UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DOMINICK GONZALEZ, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:19cv1522(VLB) |
| | : | |
| WARDEN HANNAH, ET AL., | : | |
| Defendants. | : | |

<u>INITIAL REVIEW ORDER</u>

Plaintiff, Dominick Gonzalez, is a pretrial detainee[1] who is currently

confined at New Haven Correctional Center.  He has filed a civil rights complaint

against Warden A. Hannah, Deputy Warden Denise Walker, Captain Allen, Dr.

Vicki Blumberg, Nurse Munday and Correctional Officer Bazelais.[2]  For the

reasons set forth below, the Court will dismiss the complaint.

---

[1]  The State of Connecticut Judicial Branch website reflects that on April 2, 2018 and on May 3, 2018, Bridgeport Police Officers arrested Plaintiff on multiple criminal charges.  Those charges remain pending against him.  This information may be found at: http://www.jud.ct.gov/jud2.htm under Superior Court Case Look-up; Criminal/Motor Vehicle; Convictions – by Docket Number using: FBT-CR18-0301598-T and FBT-CR18-0302110-T (Last visited on June 16, 2020).  Plaintiff was admitted to the State of Connecticut Department of Correction on April 3, 2018.  This information may be accessed by using Plaintiff's CT DOC Inmate Number 371013 at http://www.ctinmateinfo.state.ct.us/searchop.asp.

[2]  The only defendant listed in the caption on the first page of the complaint is Warden Hannah.  Federal Rule of Civil Procedure 10(a) provides that "[e]very pleading must have a caption" and that the "title of the complaint must name all parties."  The Second Circuit, however, "excuse[s] technical pleading irregularities as long as they neither undermine the purpose of notice pleading nor prejudice the adverse party."  *Shariff v. United States*, 689 F. App'x 18, 19 (2d Cir. 2017) (summary order) (quoting *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005)).  Because Deputy Warden Denise Walker, Captain Allen, Dr. Vicki Blumberg, Nurse Mundy and Correctional Officer Bazelais are included in the description of parties, the Court concludes that Plaintiff Gonzalez intended to

I.      **Standard of Review**

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* This standard of review "appl[ies] to all civil complaints brought by prisoners against governmental officials or entities regardless of whether the prisoner has paid [a] filing fee." *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004) (internal quotation marks and citation omitted).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations are not required, a complaint must include enough facts "to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

---

name these individuals as defendants and considers them to be defendants.

It is well-established that *"[p]ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).  However, notwithstanding this liberal interpretation, a *pro se* complaint will not survive dismissal unless the factual allegations meet the plausibility standard.  *See, e.g., Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

## II.   Facts

On April 7, 2018, while jogging in his cell at Bridgeport Correctional Center, Plaintiff sustained a cut to one of his legs from a piece of metal that was hanging off one side of his bunk.  *See* Compl. at 10-11 ¶¶ 10-12.  Plaintiff notified Officer Bazelais that he had been injured.  *Id.* at 11 ¶ 13.  Officer Bazelais contacted Lieutenant Allen and Nurse Mundy and escorted Plaintiff to the medical department.  *Id.* ¶ 14.  Nurse Mundy cleaned the wound and applied a bandage. *Id.* ¶ 15.  Plaintiff informed Nurse Mundy that he believed the wound required stitches.  *Id.* ¶ 16.  Nurse Mundy consulted with Dr. Blumberg by telephone regarding Plaintiff's wound and Dr. Blumberg concluded that Plaintiff did not need to be sent to the hospital for treatment of his wound.  *Id.* ¶ 17.  Nurse Mundy entered an order that medical providers at Bridgeport Correctional Center check, clean, and bandage Plaintiff's wound every day.  *Id.* ¶ 18.

3

Lieutenant Allen and Officer Bazelais escorted Plaintiff to his cell and Lieutenant Allen directed Plaintiff to turn his bunk so that the side with the piece of metal hanging from it was up against the wall.  *Id.* at 11-12 ¶¶ 19-20.  On a subsequent date, a medical provider checked and cleaned Plaintiff's wound, observed that the wound had not improved and recommended that Plaintiff be sent to a hospital for treatment.  *Id.* at 12 ¶ 21.  A medical provider at the hospital diagnosed Plaintiff as suffering from MRSA, a staph infection.  *Id.* ¶ 22.  Plaintiff still experiences pain and nerve damage in the area of the wound to his leg.  *Id.* ¶ 23.

### C.   Discussion

Plaintiff alleges that Warden Hannah, Deputy Warden Walker, Lieutenant Allen and Officer Bazelais were deliberately indifferent to his health or safety and that Dr. Blumberg and Nurse Mundy were deliberately indifferent to his medical needs in violation of the Fourteenth Amendment and that Nurse Mundy violated his First Amendment right to equal treatment.  He also asserts a claim of medical malpractice against Nurse Mundy.

### A.   Claims Against Defendants – Official Capacities

Plaintiff seeks compensatory damages and declaratory and injunctive relief.  He sues the Defendants in both their individual and official capacities.

#### 1.   Monetary Damages

To the extent that the Plaintiff seeks monetary relief from the defendants in their official capacities, the request is barred by the Eleventh Amendment.  *See*

*Kentucky v. Graham*, 473 U.S. 159 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity). Accordingly, the request for compensatory damages asserted against the defendants in their official capacities is dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

2. <u>Declaratory Relief</u>

Plaintiff seeks a declaratory judgment that all Defendants violated his rights under the Fourteenth Amendment and a declaratory judgment that Defendant Munday violated his rights under the First Amendment.  Compl. at 15. Under the doctrine of *Ex parte Young,* 209 U.S. 123 (1908), a plaintiff may seek prospective injunctive and declaratory relief to address an ongoing or continuing violation of federal law or a threat of a violation of federal law in the future.  *See In re Deposit Ins. Agency,* 482 F.3d 612, 618 (2d Cir. 2007); *Ward v. Thomas*, 207 F.3d 114, 120 (2d Cir. 2000).

Plaintiff's requests for declarations that the defendants violated his federal constitutional rights in the past are barred by the Eleventh Amendment. *See Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (the Eleventh Amendment "does not permit judgments against state officers declaring that they violated federal law in the past"); *Green v. Mansour*, 474 U.S. 64, 68 (1985) ("We have refused to extend the reasoning

5

of *Young*... to claims for retrospective relief") (citations omitted).  Furthermore, if Plaintiff were to prevail on his First or Fourteenth Amendment claims, the Court necessarily would determine that the defendants had violated his constitutional rights.  Thus, separate awards of declaratory relief are unnecessary. Accordingly, the requests for declaratory judgments are dismissed.  *See* 28 U.S.C. § 1915A(b)(1).

      3.   <u>Injunctive Relief</u>

Plaintiff seeks an order directing the Defendants to fully inspect every cell "prior to any inmate residing in that cell."  Compl. at 15.  As indicated above, a court may enter an order for prospective injunctive relief against a state official in his official capacity only if that state official is engaged in an ongoing violation of the plaintiff's constitutional rights.  *See Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland,* 535 U.S. 635, 645 (2002) ("In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit [for injunctive relief], a court need only conduct a "straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.") (internal quotation marks and citations omitted).  Consequently, an inmate's requests for prospective injunctive relief from correctional staff in connection with conditions of confinement at a particular correctional institution become moot when the inmate is discharged from that institution, is transferred to a different institution or has received the relief requested.  *See Shepherd v. Goord,* 662 F.3d 603, 610 (2d Cir. 2011) ("In this

6

circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief.") (citation and internal quotation marks omitted); *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed").

The named defendants are employed at Bridgeport Correctional Center. Plaintiff is currently confined at New Haven Correctional Center and does not allege an ongoing violation of his constitutional rights.  Thus, his transfer to New Haven Correctional Center makes his request for injunctive relief pertaining to cell conditions at Bridgeport Correctional Center moot.  *See Thompson v. Carter*, 284 F.3d 411, 415 (2d Cir. 2002) ("A prisoner's transfer to a different correctional facility generally moots his request for injunctive relief against employees of the transferor facility."); *Shakur v. Graham*, No. 9:14-cv-00427 (MAD/TWD), 2015 WL 1968492, at *20 (N.D.N.Y. May 1, 2015) (dismissing as moot requests for declaratory and injunctive relief pertaining to claims that prison officials at Auburn had violated inmate's First, Eighth, and Fourteenth Amendment rights during his confinement at Auburn because the inmate had been transferred to Shawangunk prison facility); *Verley v. Wright*, No. 02 CIV. 1182 (PKC), 2007 WL 2822199, at *9 (S.D.N.Y. Sept. 27, 2007) ("To the extent that plaintiff seeks injunctive relief directed at officials at [the transferring facility], those claims are now moot as plaintiff is no longer incarcerated [there].")  The request for injunctive relief seeking cell inspections by the Defendants, who are employees

at Bridgeport Correctional Center, is dismissed as moot.  *See* 28 U.S.C. § 1915A(b)(1).

    **B.**    <u>Deliberate Indifference to Health and Safety</u>

    Plaintiff alleges that he sustained a cut to his leg on a piece of metal that hung down from one side of the bunk in his cell.  He contends that Warden Hannah, Deputy Warden Walker, Lieutenant Allen, and Officer Bazelais subjected him to cruel and unusual punishment under the Fourteenth Amendment by placing him in a cell that was not safe.

    "A pretrial detainee's claims of unconstitutional conditions of confinement are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eight Amendment. . . . because, pretrial detainees have not been convicted of a crime and thus may not be punished in any manner—neither cruelly and unusually nor otherwise." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (internal quotation marks, brackets and citations omitted).  There are two prongs to the standard governing a conditions of confinement claim under the Fourteenth Amendment.  *See id.* Under the first prong, a detainee must allege that "the conditions, either alone or in combination, pose[d] an unreasonable risk of serious damage to his health . . . which includes the risk of serious damage to physical and mental soundness." *Id.* at 30 (internal quotation marks and citations omitted).

    The second or subjective prong, also called "the *mens rea* prong, of [the] deliberate indifference [standard] is defined objectively." *Id.* at 35.  Thus, "the

8

Due Process Clause can be violated when an official does not have subjective awareness that the official's acts (or omissions) have" created a condition that poses "a substantial risk of harm" to a detainee.  *Id.*  To meet the second prong of a Fourteenth Amendment conditions claim, a detainee must allege that the prison official "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to [him or her] even though the [prison]-official knew, or should have known, that the condition posed an excessive risk to health or safety."  *Id.*

    1.    <u>Warden Hannah, Deputy Warden Walker, Officer Bazelais</u>

Plaintiff generally alleges that, as supervisors or managers of the Bridgeport Correctional Center, they failed to ensure that the bunk in his cell was safe.  Compl. at 23 ¶ 24.  Plaintiff asserts that Officer Bazelais failed to inspect his cell to make sure that it was in "safe and working condition."  *Id.* at 13 ¶ 25.

"[L]iability for supervisory government officials cannot be premised on a theory of *respondeat superior* because § 1983 requires individual, personalized liability on the part of each government defendant."  *Raspardo v. Carlone*, 770 F.3d 97, 116 (2d Cir. 2014).  To allege personal involvement, a plaintiff is required to plead that:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to

9

act on information indicating that unconstitutional acts were occurring.

*Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (citation omitted).[3]  Once a plaintiff properly alleges that a defendant was personally involved in a constitutional deprivation, he or she "must also establish that the supervisor's actions were the proximate cause of the plaintiff's constitutional deprivation." *Raspardo*, 770 F.3d at 116.

Even if the Court was to assume that the piece of metal that hung off of one side of Plaintiff's bunk constituted a condition that posed a serious risk of harm to Plaintiff's health, Plaintiff does not allege that Warden Hannah or Deputy Warden Walker were aware of this condition or that he had injured himself when he bumped into the piece of metal on April 7, 2018.  Nor does Plaintiff allege that he made Warden Hannah or Deputy Warden Walker aware of his injury or the condition of his bunk at any time after April 7, 2018.  Moreover, there are no facts to suggest the creation of a policy under which unconstitutional conduct occurred or gross negligence in the supervision of subordinates.

Furthermore, Plaintiff has alleged at most a claim of negligence against Warden Hannah, Deputy Warden Back and Officer Baizelais.  He contends that

---

[3]  The Second Circuit has not yet addressed how the Supreme Court's decision in *Iqbal* affected the standards in *Colon* for establishing supervisory liability.  *See Lombardo v. Graham*, No. 19-1535-PR, 2020 WL 1909581, at *2 (2d Cir. Apr. 20, 2020) (summary order) ("Although we have observed that *Iqbal* may have heightened the requirements for supervisory liability by requiring more direct personal involvement, we need not decide that issue where, as here, the allegations are also insufficient to state a claim under *Colon*.") (citing *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013)).

they all neglected to inspect or to arrange to have his cell inspected to ensure that his bunk was safe. To meet the second or *mens rea* prong of the Fourteenth Amendment conditions standard, a detainee must allege "that an official acted intentionally or recklessly, and not merely negligently." *See Darnell*, 849 F.3d at 36 ("A detainee must prove that an official acted intentionally or recklessly, and not merely negligently."). Plaintiff has not asserted a plausible claim that either Warden Hannah or Deputy Warden Back or Officer Baizelais was deliberately indifferent to or recklessly disregarded an excessive risk of harm to his health. The Fourteenth Amendment conditions of confinement claim against Warden Hannah, Deputy Warden Back and Officer Baizelais is dismissed. *See* 28 U.S.C. § 1915A(b)(1).

### 2. Lieutenant Allen

Plaintiff alleges that after he received medical treatment for the cut to his leg, Lieutenant Allen escorted him back to the same cell that he been confined in when he sustained his injury. Instead of replacing Plaintiff's bunk with a new one, Allen instructed Plaintiff to turn the bunk so that the side with the piece of metal hanging from it would be against the wall.

To meet the first component of the Fourteenth Amendment conditions of confinement standard, Plaintiff must allege that the condition posed an unreasonable risk of serious damage to his health. In directing the Plaintiff to position the bunk against the wall to ensure that the potentially dangerous piece of metal was no longer sticking out, Allen attempted to eliminate or at least

11

reduce Plaintiff's exposure to a risk of serious damage to his health.  Plaintiff does not allege that he suffered any further injuries during his confinement in the cell.

At most, Lieutenant Allen's decision not to replace the bunk or to remove the piece of metal constituted negligence.  Negligence does not meet the second prong of the Fourteenth Amendment conditions standard.  *See Darnell*, 849 F.3d at 36.  The Fourteenth Amendment conditions of confinement claim asserted against Lieutenant Allen is dismissed.  *See* 28 U.S.C. § 1915A(b)(1).

> ## C.   Deliberate Indifference to Medical Needs

Plaintiff contends that Nurse Mundy and Dr. Blumberg were indifferent to his need for treatment of the cut that he sustained to his leg when they determined that the cut did not require stitches or his transfer to a hospital. Medical providers at Bridgeport Correctional Center subsequently transferred Plaintiff to a hospital for treatment after the cut became infected.

Although *Darnell* involved a conditions of confinement claim, the Second Circuit has concluded that the same standard is applicable to a deliberate indifference to medical needs claim asserted by a pretrial detainee.  *See Charles v. Orange Cty.*, 925 F.3d 73, 87 (2d Cir. 2019) ("Although *Darnell* did not specifically address medical treatment, the same principle applies here.")(citing *Darnell*, 849 F.3d at 33 n.9); *Sims v. City of New York*, 788 F. App'x 62, 63 (2d Cir. 2019) (summary order) ("Although *Darnell* involved a challenge to conditions of

12

confinement, we have applied that decision's holding to medical deliberate-indifference claims.") (citation omitted).

To state a claim for deliberate indifference to serious medical needs under the Fourteenth Amendment, a detainee must meet two prongs. *Charles*, 925 F.3d at 86. First, a detainee must allege that objectively he or she suffered from a serious medical need or condition. *Id.* ("The serious medical needs standard contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain."). In determining whether a condition is serious, a court considers "whether a reasonable doctor or patient would find the [medical condition] important and worthy of treatment, whether the medical condition significantly affects an individual's daily activities, and whether the [medical condition] inflicts chronic and substantial pain." *Id.* (citing *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998).

Under the second prong, a detainee must assert either that the prison official deliberately failed to provide medical treatment or "'recklessly failed to act with reasonable care to mitigate the risk that the condition posed to [him or her] even though the [prison]-official knew, or *should have known*, that the condition posed an excessive risk to health or safety.'" *Id.* at 87 (emphasis added)(quoting *Darnell*, 849 F.3d at 35). Neither "mere negligence," nor "mere malpractice" by medical officials, however, will meet the second prong of the Fourteenth Amendment standard. *Id.* (internal quotation marks and citations omitted).

Plaintiff claims that he suffered a cut to his leg from hitting a piece of metal attached to his bunk.  He does not allege that the cut bled, was deep or was painful.  The lack of facts regarding the severity of the cut suggest that the cut did not constitute a serious risk of harm to his health or a serious medical need. *See Young v. Choinski*, 15 F. Supp. 3d 172, 183 (D. Conn. 2014) (cuts and abrasions on plaintiff's arms failed to constitute a "serious medical need" where he failed to allege that they "significantly interfered with his daily activities or caused him substantial or chronic pain"); *Dallio v. Hebert*, 678 F. Supp. 2d 35, 44 (N.D.N.Y. 2009) (prisoner's cuts, bruises and pain failed to constitute sufficiently serious medical need); *Benitez v. Straley,* No. 01 Civ. 0181(RCC)(RLE), 2006 WL 5400078, at *3, 4, 12 (S.D.N.Y. Feb. 16, 2006) (cut on plaintiff's lips, cut on plaintiff's head, and "severe cuts" to plaintiff's wrists-none of which required stitches-did not constitute a medical condition that was sufficiently serious for purposes of Eighth Amendment, even if plaintiff's allegations were assumed to be true).

Even if the Court was to assume that the cut constituted a serious medical need, Nurse Mundy treated the cut by cleaning it and applying a bandage and entered an order that a medical staff member check, clean and bandage it daily. In response to Plaintiff's inquiry as to whether the wound needed to be sutured, Nurse Mundy consulted with the on-call physician, Dr. Blumberg, to determine whether Plaintiff should be transferred to a hospital for treatment.  In Dr.

14

Blumberg's opinion, the wound did not require treatment at a hospital.  Plaintiff does not allege that he had any further contact with Nurse Mundy.

To the extent that Plaintiff alleges that Nurse Mundy did not adequately assess the severity of his injury and determine that the injury required sutures, such an allegation evinces negligence at most.  *See Charles*, 925 F.3d at 87 ("A plaintiff must show something more than mere negligence to establish deliberate indifference in the [context of a] Fourteenth Amendment" medical needs claim.) (internal quotation marks and citation omitted); *Smith v. Outlaw*, No. 15-CV-9961 (RA), 2017 WL 4417699, at *3 (S.D.N.Y. Sept. 30, 2017) ("Although *mens rea* is assessed from an objective perspective, as opposed to the more demanding subjective recklessness standard employed in the Eighth Amendment context . . . negligence is still insufficient to give rise to a valid claim under the Fourteenth Amendment."); *Grimmett v. Corizon Med. Assocs. of New York*, No. 15-CV-7351 (JPO) (SN), 2017 WL 2274485, at *5 (S.D.N.Y. May 24, 2017) ("At the most, therefore, Grimmett has alleged that Dr. Sharma was negligent.  Because negligence alone is insufficient to make out a deliberate indifference claim even under the Fourteenth Amendment . . . Grimmett's § 1983 claim against Dr. Sharma is dismissed.") (citation omitted).  Furthermore, Nurse Mundy consulted with Dr. Blumberg, who affirmed her assessment that Plaintiff did not require any further treatment than she had already provided.

The allegations regarding the treatment provided by Nurse Mundy do not suggest that she was deliberately indifferent to or recklessly disregarded an

15

excessive risk of harm to Plaintiff's health.  The Fourteenth Amendment medical needs claim against Nurse Mundy is dismissed.  *See* 28 U.S.C. § 1915A(b)(1).

       2.   <u>Dr. Blumberg</u>

Plaintiff alleges that Dr. Blumberg should have ordered Nurse Mundy to arrange to have him transferred to a hospital to enable a medical provider to evaluate and treat the cut that he had sustained to his leg.  Plaintiff suggests that if he had been sent to the hospital, he would not have subsequently developed a MRSA infection.  There are no facts to support this conclusion.

Plaintiff has not alleged that Dr. Blumberg ignored or denied him treatment for his injury.  Rather, he disagrees with Dr. Blumberg's assessment of the severity of his injury and recommendation for treatment.  This allegation constitutes a difference of opinion as to a diagnosis and necessary treatment which does not constitute deliberate indifference to or reckless disregard for an excessive risk of harm to Plaintiff's health.  *See, e.g.*, *Roice v. Cty. of Fulton,* No. 19-358-PR, 2020 WL 582373, at *2–3 (2d Cir. Feb. 6, 2020) ("And absent the necessary *mens rea* showing, [pretrial detainee's Fourteenth Amendment] claim is based merely on differences of opinion over matters of medical judgment, which fail to rise to the level of a § 1983 violation.") (internal quotation marks and citations omitted).

If Dr. Blumberg misjudged the severity of the injury and whether the injury required additional treatment that could not be provided at Bridgeport Correctional Center, such misjudgment constitutes negligence at most.  Neither,

16

negligence, nor medical malpractice meet the second prong of a Fourteenth Amendment medical needs claim.  *See, e.g.*, *Rivera v. Doe*, No. 16-CV-8809 (PAE) (BCM), 2018 WL 1449538, at *11 (S.D.N.Y. Feb. 26, 2018) ("Nurse Doe saw plaintiff at sick call, examined him (albeit briefly), and prescribed pain medication. None of the facts alleged by plaintiff suggests that she knew or should have known that her failure to refer him to an outside specialist—for unspecified further treatment– posed an excessive risk to [his] health or safety.") (internal quotation marks and citation omitted), *report and recommendation adopted*, No. 16-CIV-8809 (PAE) (BCM), 2018 WL 1441386 (S.D.N.Y. Mar. 22, 2018); *Feliciano v. Anderson*, No. 15-CV-4106 (LTS) (JLC), 2017 WL 1189747, at *13 (S.D.N.Y. Mar. 30, 2017) ("As was the case before *Darnell,* the defendants' actions [must be] more than merely negligent.) (internal quotation marks and citation omitted).

Plaintiff has failed to allege that Dr. Blumberg was deliberately indifferent to an excessive risk to his health or engaged in culpable recklessness in response to an excessive risk to his health.  Thus, Plaintiff has failed to state a plausible Fourteenth Amendment medical needs claim.  The Fourteenth Amendment claim asserted against Dr. Blumberg is dismissed.  *See* 28 U.S.C. § 1915A(b)(1).

D.  **First Amendment**

Included in his claim for relief for medical malpractice, Plaintiff states that Nurse Mundy violated his "First Amendment Right To Equal Protects To Get The Same Treat As If He Was Able To Bring Himself To A Hospital." (sic) Compl. at 14

17

¶ 28.  The First Amendment does not include an equal protection clause.  *See*
U.S. Const. amend. I ("Congress shall make no law respecting an establishment
of religion, or prohibiting the free exercise thereof; or abridging the freedom of
speech, or of the press; or the right of the people peaceably to assemble, and to
petition the Government for a redress of grievances.").  Nor are there any facts to
support a plausible claim under the First Amendment.

The Equal Protection Clause of the Fourteenth Amendment provides that
no State shall "deny to any person within its jurisdiction the equal protection of
the laws." U.S. Const. amend. XIV.  It does not mandate identical treatment for
each individual or group of individuals. Instead, it requires that similarly situated
persons be treated the same. *See City of Cleburne v. Cleburne Living Ctr.*, 473
U.S. 432, 439-40 (1985).

To state an equal protection claim, a plaintiff must allege facts showing
that: (1) he was treated differently from similarly situated individuals and (2) that
the difference in or discriminatory treatment was based on "impermissible
considerations such as race, religion, intent to inhibit or punish the exercise of
constitutional rights, or malicious or bad faith intent to injure a person." *Diesel v.
Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000).  Neither sentenced inmates,
nor pretrial detainees are members of a protected or suspect class.  *See Lehal v.
United States*, No. 13CV3923 (DF), 2015 WL 9592706, at *21 n.22 (S.D.N.Y. Dec. 29,
2015) ("[I]nmates or detainees are not considered a protected class for equal-
protection purposes."); *Robles v. Dennison*, 745 F. Supp. 2d 244, 301 n.18

18

(W.D.N.Y. 2010) (merely being a prisoner is insufficient to put plaintiff in a suspect class), *aff'd*, 449 F. App'x 51 (2d Cir. 2011).  Thus, Plaintiff does not allege a plausible class-based equal protection claim.

Alternatively, an equal protection claim may be sustained if the plaintiff asserts that he or she has been irrationally singled out or discriminated against as a "class of one." *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008).  A plausible class of one claim requires the plaintiff to demonstrate an "'extremely high degree of similarity'" with the person to whom he or she is comparing himself or herself. *Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) (quoting *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006)).  Thus, the plaintiff must demonstrate the existence of a person who is "prima facie identical" to him or her and who was treated differently.  *Hu v. City of New York*, 927 F.3d 81, 92 (2d Cir. 2019) (internal quotation marks and citation omitted).

Plaintiff has not identified another inmate who was essentially identical to him and who was treated differently.  Thus, he has not stated a plausible class of one equal protection claim under the Fourteenth Amendment.  The First Amendment and the Fourteenth Amendment equal protection claims asserted against Nurse Munday are dismissed.  *See* 28 U.S.C. § 1915A(b)(1).

## ORDERS

The Court enters the following orders:

(1)     The Clerk is directed to revise the docket to reflect that Deputy

19

Warden Denise Walker, Captain Allen, Dr. Vicki Blumberg, Nurse Mundy and Correctional Officer Bazelais, who are listed in the description of parties on pages nine and ten of the Complaint, are Defendants.  The request for compensatory damages asserted against the Defendants in their official capacities is DISMISSED pursuant to 28 U.S.C. § 1915A(b)(2).  The requests for declaratory and injunctive relief asserted against all Defendants in their official capacities, the Fourteenth Amendment conditions of confinement claims asserted against Defendants Hannah, Walker, Allen and Bazelais in their individual capacities; the Fourteenth Amendment deliberate indifference to medical needs claims asserted against Defendants Mundy and Blumberg in their individual capacities; and the First Amendment and Fourteenth Amendment equal protection claims asserted against Defendant Mundy in her individual capacity are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1).  Because the Court has dismissed all federal claims, it declines to exercise supplemental jurisdiction over any state law claims including the claim for medical malpractice.  *See* 28 U.S.C. § 1367(c).

The Court concludes that there are no allegations in the complaint that suggest that Plaintiff could assert a plausible federal claim against any defendant.  Thus, no basis exists to permit the filing of an amended complaint. *See Nogbou v. Mayrose*, 400 F. App'x 617, 620 (2d Cir. 2010) (summary order) ("Here, the district court properly determined that an amendment would be futile on the ground that negligence and medical malpractice claims are not actionable under § 1983.") (citation omitted); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir.

20

2000) (district court need not grant leave to amend when filing of amended complaint would be futile).

(2)     The Clerk is directed to enter judgment for all Defendants and to close this case.

 SO ORDERED.

Dated at Hartford, Connecticut this 16th day of June, 2020.

_____/s/_____
Vanessa L. Bryant
United States District Judge